```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

| | | |
|---|---|---|
| United States of America, | : | |
|     Plaintiff, | : | |
|   v. | : | Case No. 2:06-mj-10 |
| Adrian Arroyo, | : | |
|     Defendant, | : | |
|   and | : | |
| United States of America, | : | |
|     Plaintiff, | : | |
|   v. | : | Case No. 2:06-mj-11 |
| Jesus Ramirez, Jr., | : | |
|     Defendant. | : | |

## DETENTION ORDER

The above defendants appeared before the Court for preliminary hearings and detention hearings on January 17, 2006. Both defendants waived the preliminary hearing. Following the hearing, the Court ordered each defendant detained without bond pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

The only witness at the hearing was Agent Matt Huefelder of the Drug Enforcement Administration. Agent Huefelder testified that defendant Ramirez had arranged a delivery of approximately 200 pounds of marijuana to a confidential source and flew to Columbus, Ohio in order to facilitate the delivery. According to

Mr. Arroyo, he accompanied Mr. Ramirez to Columbus because he was promised $2000.00.  Although he admitted being partners with Mr. Ramirez in "illegal businesses," he did not admit knowing that the purpose of the trip to Columbus was to facilitate a drug transaction.

Mr. Ramirez did facilitate the delivery of drugs to the confidential informant.  Immediately after the transaction, he was picked up in a taxi in which Mr. Arroyo was also a passenger.  Between the taxi and a motel room rented by Mr. Arroyo, agents seized a number prepaid cell phones and other evidence linking Mr. Arroyo to 4983 Brewster Road, the place where the delivery of drugs occurred.  The government's request for detention was based primarily upon the information in the Pretrial Services Report and the following presumption.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (2l U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will

reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug

or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The background of the two defendants is strikingly similar.  Each is from San Diego, California, and has substantial family ties there.  Mr. Arroyo has a better employment history and submitted several letters verifying his employment.  Both defendants have a history of misdemeanor arrests and an abysmal history of failing to appear in Court as required and violating terms and conditions of probation.  Each defendant was on two different probations when the instant offense occurred.

It is unclear whether a mandatory minimum sentence applies in this case, but even if it does not, each defendant is facing a maximum of 20 years incarceration if convicted.  This was a fairly large drug transaction engineered from California and each defendant has conceded that there is probable cause to link the defendants to the drug transaction.  Neither defendant has any ties to the Columbus, Ohio community.

Although there were factors in the record which might support a release of either defendant, the Court took into account, and gave substantial weight to, the criminal history of the defendants.  Although that criminal history does not include felony convictions, it includes a long pattern of failing to respond to supervisory conditions in the past.  It also reveals that each defendant was under not one, but two, sets of probationary conditions when the defendants arranged to travel to Columbus, Ohio to facilitate a drug transaction.  The Court simply had no confidence that, if it imposed similar conditions as conditions of pretrial release, the defendants would abide by

those conditions or refrain from engaging in additional illegal activity.  It also appears from the evidence that the defendants are engaged in other illegal businesses as well.  For all of those reasons, the Court concluded that release was not appropriate.

The defendants were advised of their right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).


                                /s/ Terence P. Kemp
                                United States Magistrate Judge